# EXHIBIT A

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY, FLORIDA.

Case No. 2015- 019400 CA 01

ALVARO MENCIA,
and other similarly situated,

    Plaintiff(s),

vs.

CORTADITO'S, INC., a
Florida Profit Corporation
d/b/a AROMAS DEL PERU
and MARIA LOPEZ, Individually

    Defendant (s).
_____/

## COMPLAINT

### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

COMES NOW, the Plaintiff, ALVARO MENCIA ("Plaintiff"), on behalf of himself and other current and former similarly situated employees, by and through undersigned counsel, hereby files this Complaint against Defendants, CORTADITO'S, INC., a Florida Profit Corporation d/b/a AROMAS DEL PERU and MARIA LOPEZ, Individually, Individually (collectively the "Defendants") and states as follows:

### JURISDICTION

1. This is an action by the Plaintiff and other similarly-situated dishwashers for damages exceeding $15,000 excluding attorneys' fees or costs pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime and/or minimum wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. Plaintiff was at all times relevant to this action, and continues to be, a resident Miami Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant, CORTADITO'S, INC., having its main place of business in Miami Dade County, Florida, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, MARIA LOPEZ, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, CORTADITO'S, INC.

6. Venue is proper in Miami Dade because all of the actions that form the basis of this Complaint occurred within Miami Dade County and payment was due in Miami Dade County.

7. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

8. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. From approximately October 18, 2012 through November 29, 2014, Plaintiff was employed with Defendant as a non-exempt dishwasher.

10. At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement whereby Plaintiff would be employed by Defendants and that Plaintiff would

be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

11. During the time period from October 18, 2012 through November 29, 2014, Defendant failed to compensate Plaintiff the required overtime and/or minimum wages at a rate of one and a half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) within a single work week.

12. Plaintiff claims there are other similarly situated current and former dishwashers working, or previously working, for Defendants/Defendant.

13. Plaintiff and other similarly-situated current and former dishwashers performed similarly duties for Defendants/Defendant and were subject to similar policies as to compensation.

14. Plaintiff and other similarly-situated current and former dishwashers of Defendants/Defendant would benefit from joining this collective action alleged herein.

## COUNT I
### Wage & Hour Federal Statutory Violation Against
### CORTADITO'S, INC

15. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 14 of this complaint as if set out in full herein.

16. This action is brought by Plaintiff and other similarly-situated dishwashers to recover from Defendant unpaid overtime and/or minimum wages compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.

17. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his

employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

18. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

19. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

20. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

21. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

22. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

23. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was

made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

24. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime and/or minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

25. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and/or minimum wages.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime and/or minimum wages compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Wage & Hour Federal Statutory Violation Against*
### *MARIA LOPEZ*

26. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 of this complaint as if set out in full herein.

27. This action is brought by Plaintiff and other similarly-situated individuals to recover from Defendants unpaid minimum wage and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

28. At the times mentioned, Defendant MARIA LOPEZ, had the authority and/or power to alter the terms and conditions of Plaintiff's employment in the areas of his employment (hire/fire), scheduled hours and/or rate of pay.

29. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

30. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

31. Defendant willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

32. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

33. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

34. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

35. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

36. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

37. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act

and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

38. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

F. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

G. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

H. Award Plaintiff an equal amount in double damages/liquidated damages; and

I. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

J. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated _5-21-15_                     Respectfully submitted,

_____
Jason S. Remer, Esq.
Florida Bar No.: 0165580
jremer@rgpattorneys.com
Brody M. Shulman, Esq.
Fla. Bar No.: 092044

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

## NOTICE OF CONSENT TO BE A PARTY PLAINTIFF AND/OR JOIN

I, __Alunnw Hencia__, hereby consent, in accordance with 29 U.S.C. §216(b) of the Fair Labor Standards Act, to become a party plaintiff in this action against my employer, __Aroma Del Peau__, and to be represented by the attorneys of REMER & GEORGES-PIERRE, PLLC, Courthouse Tower, 44 West Flagler Street, Suite 2200, Miami, Florida 33130.

Sign Name: __Alunni Yencia__   Date: __12/29/14__

Print Name: _____

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY, FLORIDA.

ALVARO MENCIA,
and other similarly situated,

Case No. 2015- 019400 CA 01

    Plaintiff(s),

vs.

CORTADITO'S, INC., a
Florida Profit Corporation
d/b/a AROMAS DEL PERU
and MARIA LOPEZ, Individually

    Defendant (s).

## SUMMONS IN A CIVIL CASE

TO: CORTADITO'S, INC., through its Registered Agent:

LOPEZ, MARIA
13823 SW 88TH STREET
MIAMI, FL 33186

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

SEP 1 8 2015

_____          _____
CLERK                                                                  DATE

_____
(BY) DEPUTY CLERK